IN THE UNITED STATES DISCTIRCT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

CASE NO._____

**HADRIAN EQUITIES PARTNERS, LLC
and THE PHILLIP W. CAPRIO, JR. 2007
IRREVOCABLE TRUST,**

    Plaintiffs,

vs.

**SCWORX CORPORATION,**

    Defendant.
_____/

## **COMPLAINT**

Plaintiffs Hadrian Equities Partners, LLC and The Phillip W. Caprio, Jr. 2007 Irrevocable Trust sue Defendant SCWORX Corporation and allege as follows:

1. Plaintiff Hadrian Equities Partners, LLC ("Hadrian") is a corporation with a business address of 201 South Biscayne Boulevard, 28th Floor, Miami, Florida 33131, who at all relevant times acted by and through one of its Managers, Phillip Caprio.

2. The Phillip W. Caprio, Jr. 2007 Irrevocable Trust ("Caprio Trust") is a business entity/legal entity with a business address of 310 Passaic Avenue, 3rd Floor, Fairfield, New Jersey 07004 who at all times relevant hereto acted by and through Phillip Caprio.

3. Defendant SCWORX Corp. ("SCWORX") is a Delaware Corporation authorized to transact business in the State of New York, with a business address of 590 Madison Avenue, 21st Floor, New York, New York 10022.

4. SCWORX's predecessor, Alliance MMA, INC. entered into three separate, though substantively identical, Securities Purchase Agreements with Hadrian and the Caprio

Trust on November 30, 2018 ("Purchase Agreements"), a true and correct copy of which is attached as Exhibit "A".

5. As of March 28, 2019, Hardin and the Caprio Trust owned an aggregate of 59,210 shares of SCWORX stock.

6. Pursuant to Section 4.1(c) of the Purchase Agreements, SCWORX was obligated to "cause its counsel to issue a legal opinion to the Transfer Agent promptly to effect the removal of the legend hereunder or upon request of a Purchaser in compliance with Rule 144, at no cost to the Purchaser, if applicable."

7. Beginning in September 2019, Hadrian and the Caprio Trust repeatedly requested that SCWORX cause its counsel to issue a legal opinion to effectuate the removal of the restrictive legends on their certificates – reflecting a collective total of 15,000 preferred shares.

8. On September 3, 2019, SCWORX's then counsel, Sullivan & Worcester LLP ("Sullivan") informed Phillip Caprio, Hadrian's Manager and the Caprio Trust's Trustee, that it could not offer such an opinion until Plaintiff had owned the shares for a year absent a then-intent to sell.

9. Sullivan subsequently advised Mr. Caprio that the legends could not be removed until January 20, 2020.

10. On January 23, 2020, after repeated follow-ups from representative of Hadrian and the Caprio Trust, Sullivan Informed them that it would "reach out to . . . advise on the process of legend removal."

11. On January 24, 2020, Sullivan informed Mr. Caprio that Hadrian and the Caprio Trust must complete a Rule 144 Representation Letter and that "[o]nce [counsel] ha[s] received these signed letters, [it] w[ould] issue an opinion covering the shares."

12. On February 20, 2020, Sullivan confirmed that it "ha[d] received the signed Representation Letters," but that they needed to be updated to clarify the number of shares held.

13. On February 25, 2020, Hadrian and the Caprio Trust sent the "updated signed letters," receipt of which Sullivan acknowledged on that same date.

14. SCWORX's counsel continued to ask for additional information and documentation notwithstanding the prior representation that all Hadrian and the Caprio Trust had to do to obtain their respective legal opinions was to "complete a Rule 144 Representation Letter."

15. In each instance, Hadrian and the Caprio Trust timely provided the requested information and documentation.

16. Nevertheless, no legal opinion or legend removal was forthcoming as was required under Section 4.1 of the Purchase Agreements.

17. Hadrian and the Caprio Trust continued to repeatedly follow up on their request for a legal opinion.

18. On April 13, 2020, during the global pandemic that had hit the United States about a month earlier, SCWORX issued a press release announcing that it "received a committed purchase order . . . for two million COVID-19 Rapid Testing Units, with provision for additional weekly orders . . . for twenty-three (23) weeks, valued at $35M per week."

19. On that same day, the stock price reached a high of $14.88—an almost 700% increase from the stock's closing price on the prior trading day, April 9, 2020.

20. The legal opinions were not provided to Hadrian and the Caprio Trust until August 10 and August 11, 2020, respectively, by which time the stock price had dropped significantly.

21. Specifically, on August 10, 2020, the stock price closed at $3.10/share and on August 11, it closed at $2.41/share – both significantly lower than the $14.88/share price it traded at on April 13, 2020.

## JURISDICTION AND VENUE

22. Pursuant to 28 U.S. Code §1332 jurisdiction is proper in this Court because the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs, and is between citizens of different states.

23. Pursuant to the terms of the Purchase Agreements, suit is required to be filed in the United States District Court for the Southern District of New York.

## COUNT I

## BREACH OF CONTRACT

24. Plaintiffs incorporate by reference all prior paragraphs as if set forth in their entirety.

25. SCWORX breached the Purchase Agreements with Hadrian and the Caprio Trust.

26. Pursuant to Section 4.1(c) of the Purchase Agreements, SCWORX was obligated to cause its counsel to issue a legal opinion to the Transfer Agent promptly to effect the removal of the legend hereunder or upon request of a Purchaser in compliance with Rule 144, at no cost to the Purchaser, if applicable.

27. SCWORX had a duty to Hadrian and the Caprio Trust to act in conformity with the Purchase Agreements so that Hadrian and the Caprio Trust would have the ability to sell their shares when they reached record highs on April 13, 2020.

28. As a result of SCWORX's failure to act in a timely manner, Plaintiff's Hadrian and the Caprio Trust have suffered damages totaling nearly $500,000.

29. In addition, liquidated damages are due and owing to Hadrian and the Caprio Trust pursuant to Section 4.1(d) of the Purchase Agreements.

30. In addition, attorney's fees are also due and owing to Hadrian and the Caprio Trust pursuant to the terms of the Purchase Agreements and demand is made for the same.

WHEREFORE, Plaintiffs demand that judgment be entered in their favor and against Defendant and that monetary damages be awarded for breach of contract, liquidated damages and attorney's fees and costs. Plaintiffs also demand any other relief deemed just and appropriate.

Respectfully submitted:

*/s/ Carlos F. Gonzalez*
Carlos F. Gonzalez
CARLOS F. GONZALEZ, P.A.
7600 Red Road, Suite 307
South Miami, Florida 33143
(786) 410-7662
Email:  cfg@carlosfgonzalez.com

*Attorneys for Plaintiffs Hadrian Equities Partners, LLC and The Phillip W. Caprio Irrevocable Trust*