UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| HADRIAN EQUITIES PARTNERS, LLC and THE PHILLIP W. CAPRIO, JR. 2007 IRREVOCABLE TRUST,<br><br>        Plaintiffs,<br><br>  -against-<br><br>SCWORX CORPORATION,<br><br>        Defendant. | Case 1:22-cv-07096 (JLR)<br><br>**<u>ORDER</u>** |

JENNIFER L. ROCHON, United States District Judge:

  This order concerns the request from former defense counsel for a retaining lien related to her withdrawal from representing Defendant in a lawsuit in which Plaintiffs Hadrian Equities Partners, LLC and the Phillip W. Caprio, Jr. 2007 Irrevocable Trust (collectively, "Plaintiffs") sued Defendant SCWORX Corporation ("Defendant" or "SCWORX") for breach of contract. *See generally,* ECF No. 58, Second Amended Complaint ("SAC").

  On April 28, 2023, Defendant's counsel Carole L. Bernstein ("Ms. Bernstein") moved to withdraw from this case because, among other things, she represented that her client was not paying her fees. ECF No. 51-1. Defendant did not respond to this motion and failed to appear in Court to address the motion as directed by the Court. On May 30, 2023, the Court granted Ms. Bernstein's motion to withdraw as counsel for Defendant. ECF No. 55. Because Ms. Bernstein was not discharged for cause, she is entitled to be paid for her work in this case and "New York cases recognize a distinct common law 'retaining lien' that allows withdrawing counsel to retain pleadings and other documents in counsel's possession until counsel is paid for his or her work." *Allstate Ins. Co. v. Nandi*, 258 F. Supp. 2d 309, 311 (S.D.N.Y. 2003). Therefore, the Court preliminarily granted Ms. Bernstein's request for a retaining lien over Defendant's files but asked for additional briefing on the amount of the lien

and afforded Defendant an opportunity to respond. ECF No. 55. Ms. Bernstein provided her submission on June 9, 2023. ECF No. 57. Defendant did not file any response prior to the deadline set by the Court, June 16, 2023.

Ms. Bernstein seeks a retaining lien in the amount of $69,163.98. ECF No. 57 at 3. However, the entire amount of the retaining lien sought are fees derived from a private arbitration proceeding that is separate and apart from the dispute before this Court. Specifically, Ms. Bernstein submitted billing statements delineating her time entries in March 2023, including reviewing text messages, preparing for cross-examination, preparing witnesses, and attending five consecutive days of a hearing at the end of March 2023. *See* ECF No. 57; ECF No. 57-3. In sum, all of the requested fees relate to work performed in March 2023 for a separate unrelated arbitration; she has not submitted any substantiation for unpaid time related to the case at hand.

With respect to retaining liens, "the district court is limited to setting fees that arise from the underlying action; it may not set fees for work done on unrelated actions." *Pay Television of Greater New York v. Sheridan*, 766 F.2d 92, 94 (2d Cir. 1985). Here, Ms. Bernstein provided proof only of unpaid attorneys' fees for work performed regarding an unrelated arbitration proceeding in March 2023. Therefore, Ms. Bernstein's request for a retaining lien related to Defendant's litigation files in this case is denied with leave to renew if she can substantiate a basis for a retaining lien related to unpaid fees for work performed in the instant action.

Dated: July 19, 2023
       New York, New York                                                   SO ORDERED.

*Jennifer Rochon*
JENNIFER L. ROCHON
United States District Judge